FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 29, 2021

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEILA J.,[1] | No. 1:20-cv-03204-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | ECF Nos. 14, 15 |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER - 1

1    Before the Court are the parties' cross-motions for summary judgment.  ECF

2    Nos. 14, 15.  The Court, having reviewed the administrative record and the parties'

3    briefing, is fully informed.  For the reasons discussed below, the Court grants

4    Plaintiff's motion, ECF No. 14, and denies Defendant's motion, ECF No. 15.

**JURISDICTION**

6    The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

8    A district court's review of a final decision of the Commissioner of Social

9    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

10    limited; the Commissioner's decision will be disturbed "only if it is not supported

11    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

12    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

13    reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

14    (quotation and citation omitted).  Stated differently, substantial evidence equates to

15    "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

16    citation omitted).  In determining whether the standard has been satisfied, a

17    reviewing court must consider the entire record as a whole rather than searching

18    for supporting evidence in isolation.  *Id.*

19    In reviewing a denial of benefits, a district court may not substitute its

20    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§

404.1502(a), 416.920(a).  Further, a district court "may not reverse an ALJ's

decision on account of an error that is harmless."  *Id*.  An error is harmless "where

it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at

1115 (quotation and citation omitted).  The party appealing the ALJ's decision

generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*,

556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

1    enumerated impairments, the Commissioner must find the claimant disabled and

2    award benefits.  20 C.F.R. § 404.1520(d).

3         If the severity of the claimant's impairment does not meet or exceed the

4    severity of the enumerated impairments, the Commissioner must pause to assess

5    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6    defined generally as the claimant's ability to perform physical and mental work

7    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8    404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9         At step four, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing work that he or she has performed in

11   the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

12   capable of performing past relevant work, the Commissioner must find that the

13   claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

14   performing such work, the analysis proceeds to step five.

15        At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

18   must also consider vocational factors such as the claimant's age, education, and

19   past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20   Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 3, 2014, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of June 21, 2014.  Tr. 60, 153-59, 905.  The application was denied initially and on reconsideration.  Tr. 75-77, 83-90.  Plaintiff appeared before an administrative law judge (ALJ) on February 22, 2017.  Tr. 32-51.  On April 19, 2017, the ALJ denied Plaintiff's claim.  Tr. 12-28.  Plaintiff appealed the denial, which resulted in a remand from this Court.  Tr. 968-88. Plaintiff appeared for a remand hearing on July 15, 2020.  Tr. 924-41.  On July 24, 2020, the ALJ again denied Plaintiff's claim.  Tr. 902-23.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through June 30, 2017, has not engaged in

ORDER - 6

substantial gainful activity since June 21, 2014.  Tr. 907.  At step two, the ALJ

found that through the date last insured, Plaintiff had the following severe

impairment: bipolar disorder in partial remission.  Tr. 908.

At step three, the ALJ found Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  *Id*.  The ALJ then concluded that through the date last insured,

Plaintiff had the RFC to perform a full range of work at all exertional level with

the following nonexertional limitations:

> [Plaintiff should] avoid concentrated exposure to hazards, wetness, temperature extreme; and vibration; able to follow simple and routine work-related instructions; able to perform simple and routine work-related tasks and decisions; able to perform Specific Vocational Preparation (SVP) jobs in the 2 and 3 categories; few changes in the workplace; [Plaintiff] would be off task and not productive up to 10 percent of the time; workplace absences would average one per month; no interaction with the general public; and only occasional interaction with coworkers.

Tr. 910.

At step four, the ALJ found Plaintiff was unable to perform any of her past

relevant work through the date last insured.  Tr. 915.  At step five, the ALJ found

that, considering Plaintiff's age, education, work experience, RFC, and testimony

from the vocational expert, there were jobs that existed in significant numbers in

the national economy that Plaintiff could perform through the date last insured,

including janitor, laundry worker, and production assembler.  Tr. 917.  Therefore,

the ALJ concluded Plaintiff was not under a disability, as defined in the Social

ORDER - 7

Security Act, from the alleged onset date of June 21, 2014, through the date last insured. *Id.*

Per 20 C.F.R. §§ 404.984, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

2.  Whether the ALJ properly followed the remand Order;

3.  Whether the ALJ properly evaluated the medical opinion evidence; and

4.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 14 at 2.

## DISCUSSION

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 14 at 8-15. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an

ORDER - 8

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995; *Thomas v.

Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

explain why it discounted claimant's symptom claims)).  "The clear and

convincing [evidence] standard is the most demanding required in Social Security

cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.

Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

        The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 915.

        *1.  Lack of Treatment*

        The ALJ found Plaintiff's lack of mental health treatment was inconsistent

with her allegations.  Tr. 911-12.  An unexplained, or inadequately explained,

failure to seek treatment or follow a prescribed course of treatment may be

considered when evaluating the claimant's subjective symptoms.  *Orn v. Astrue*,

ORDER - 10

495 F.3d 625, 638 (9th Cir. 2007).  And evidence of a claimant's self-limitation

and lack of motivation to seek treatment are appropriate considerations in

determining the credibility of a claimant's subjective symptom reports.  *Osenbrock*

*v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F.

App'x 45, *3 (9th Cir. 2009) (unpublished opinion) (considering why plaintiff was

not seeking treatment).

     The ALJ noted that while Plaintiff endorsed a long history of mental health

symptoms, she did not seek treatment until the alleged onset date.  Tr. 911, 913.

The ALJ found Plaintiff did not seek treatment until her hospitalization in June

2014.  Tr. 913.  The ALJ also found there were "minimal treatment records"

through the first half of 2015.  Tr. 21, 911.   However, this Court previously found

the ALJ erred in rejecting Plaintiff's symptom claims because of Plaintiff's lack of

treatment prior to the alleged onset date.  Tr. 978-79.  The ALJ again fails to

explain why he considered Plaintiff's lack of treatment during a period during

which she does not allege disability.  The ALJ also pointed to the minimal

treatment in the first half of 2015 in both decisions and did not add to the analysis

in the current decision.  Tr. 21, 911.  As such, the ALJ has again erred.  Defendant

does not defend the ALJ's finding, and appears to concede error, but argues "one

bad reason to reject symptom testimony does not invalidate the ALJ's evaluation

when substantial evidence supports it."  ECF No. 15 at 5-12.  However, the Court

ORDER - 11

finds the ALJ's evaluation of Plaintiff's symptom claims is not supported by

substantial evidence for the reasons discussed *infra.*

### 2. *Improvement with Treatment*

The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's

improvement with treatment.  Tr. 911-13.  The effectiveness of treatment is a

relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §

404.1529(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006

(9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a

favorable response to treatment can undermine a claimant's complaints of

debilitating pain or other severe limitations).  This Court previously found that the

ALJ erred in rejecting Plaintiff's claims due to Plaintiff's improvement with

treatment.  Tr. 978.  In the prior decision, the ALJ found Plaintiff had improvement

after her periods of hospitalizations and decompensations, but the Court found that

despite improvement from the acute episodes, Plaintiff had ongoing symptoms

including suicidal thoughts, and the ALJ's finding that Plaintiff had improvement

with treatment was not a clear and convincing reason to reject Plaintiff's symptom

claims.  Tr. 20-21, 978.  Most of the ALJ's analysis regarding Plaintiff's

improvement with treatment is identical to the prior decision.  Tr. 20-21, 911-13.

Defendant argues the ALJ's finding that Plaintiff's symptoms improved with

treatment was supported by substantial evidence.  ECF No. 15 at 6-8.  However,

ORDER - 12

Defendant does not address the fact that the ALJ's analysis regarding Plaintiff's

improvement with treatment in the current decision is nearly identical to the prior

erroneous analysis.  Defendant argues there are only "some superficial similarities

between the remanded decision and the present decision," ECF No. 15 at 5, but the

present decision contains eight paragraphs of analysis of the evidence that almost

verbatim states the same findings this Court already found erroneous.  The ALJ

added references to two additional appointments after the date last insured; an

appointment in August 2015 during which Plaintiff still had auditory

hallucinations, although they had improved; and a September 2016 appointment

during which Plaintiff reported no hallucinations or suicidal ideation, but she had a

constricted affect, poor insight, and poor attention span.  Tr. 912-13.  The addition

of references to four appointments, with minimal analysis, does not alter the

otherwise identical and erroneous finding.  The ALJ again erred in finding

Plaintiff's symptom claims were inconsistent with her improvement with

treatment.

### 3.  Inconsistent Objective Medical Evidence

The ALJ found Plaintiff's symptom claims were inconsistent with the

objective medical evidence.  Tr. 911-13.  An ALJ may not discredit a claimant's

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

ORDER - 13

F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). As the Court finds the ALJ's other reasons for rejecting Plaintiff's symptom claims were not supported by substantial evidence, the ALJ's finding that Plaintiff's symptom claims were inconsistent with the objective evidence alone is not a sufficient reason to reject Plaintiff's claims. *See Rollins*, 261 F.3d at 857.

On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims. The ALJ is further instructed to set forth a new analysis of Plaintiff's claims, and to not rely on the prior analysis that has already been deemed erroneous.

**B. Remand Order**

Plaintiff contends the ALJ erred in failing to follow this Court's 2019 Order. ECF No. 14 at 6-9. "The mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). An administrative agency is bound on remand to apply the legal principles set out by the reviewing court. *Jackson v. Berryhill*, No. 3:17-CV-05312-DWC, 2018 WL 1466423, at *2 (W.D. Wash. Mar. 26, 2018) (citing *Ischay v. Barnhart,* 383

F.Supp.2d 1199, 1213-14 (C.D. Cal. 2005); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review)).  In Social Security cases, when the Appeals Council remands a case to the ALJ, the ALJ must take any action ordered by the Appeals Council and must follow the specific instructions of the reviewing court.  20 C.F.R. § 404.977; *Samples v. Colvin,* 103 F. Supp. 3d 1227, 1231-31 (D. Or. 2015).

First, Plaintiff argues the ALJ erred in failing to follow this Court's 2019 order when considering Plaintiff's symptom claims.  ECF No. 14 at 8-9.  As discussed *supra*, the ALJ offered an analysis that is nearly identical to the prior analysis of Plaintiff's symptom claims.  As such, the ALJ erred in failing to follow this Court's prior order.

Second, Plaintiff argues the ALJ again erred in failing to explain an RFC limitation.  ECF No. 14 at 7-8.  In the 2019 Order, this Court found the ALJ erred in formulating the RFC.  Tr. 983.  While the ALJ included an RFC limitation that Plaintiff would be off-task up to ten percent of the workday, the ALJ rejected Plaintiff's statements and the medical opinions regarding Plaintiff being off-task or absent, and the ALJ did not cite to any other evidence that addressed the issue.  Tr. 984.  The Court found that the ALJ's finding lacked an adequate explanation that demonstrated it was supported by substantial evidence.  *Id.*  On remand, the ALJ

ORDER - 15

1   was instructed to reformulate the RFC and include a discussion of how the

2   evidence supports the RFC. *Id.*

3        In the present case, the ALJ added an explanation as to why the off-task

4   limitation was included in the RFC. Tr. 913. The ALJ also added a new limitation

5   to the RFC, "workplace absences would average one per month." Tr. 910.

6   Plaintiff argues the ALJ did not cite to any evidence to support his finding Plaintiff

7   would be absent once per month. ECF No. 14 at 7-8. Defendant argues the ALJ

8   did not wholly reject Plaintiff's symptom claims, and thus the ALJ reasonably

9   interpreted Plaintiff's complaints into vocational terms and limited her to an RFC

10   that includes one absence per month. ECF No. 15 at 4. As the case is being

11   remanded for the ALJ to reconsider Plaintiff's symptom claims, the ALJ is also

12   instructed to reconsider Plaintiff's RFC and to provide a discussion of how the

13   evidence supports each component of the RFC.

14   **C. Medical Opinion Evidence**

15        Plaintiff contends the ALJ erred in rejecting the opinions of James Bailey,

16   Ph.D.; Caryn Jackson, M.D.; and Joanna Kass, ARNP. ECF No. 14 at 15-18.

17   There are three types of physicians: "(1) those who treat the claimant (treating

18   physicians); (2) those who examine but do not treat the claimant (examining

19   physicians); and (3) those who neither examine nor treat the claimant [but who

20   review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v.*

ORDER - 16

*Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).  Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER - 17

### 1. Dr. Bailey

On May 13, 2015, Dr. Bailey, a State agency psychological consultant, opined Plaintiff had moderate limitations in her ability to carry out detailed instructions, maintain attention/concentration for extended periods, complete a normal workday/workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number/length of rest periods, and interact appropriately with the general public.  Tr. 68-69.  Dr. Bailey opined Plaintiff is not significantly limited in her ability to maintain socially appropriate behavior, interact with coworkers or supervisors, and she "is able to work with supervisors and coworkers and occasionally with the [general public]. She is able to maintain appropriate behavior in the workplace."  Tr. 69.  The ALJ gave Dr. Bailey's opinion great weight.  Tr. 913.

Plaintiff argues the ALJ erred by excluding Dr. Bailey's opined limitation regarding coworkers and supervisor interaction.  ECF No. 14 at 16.  The ALJ stated Dr. Bailey opined Plaintiff can have occasional contact with supervisors, coworkers, and the public.  Tr. 913.  Defendant argues Dr. Bailey did not limit Plaintiff to occasional interaction with coworkers and supervisors and the ALJ's statement is essentially a scrivener's error.  ECF No. 15 at 13-14.  As the case is being remanded on other grounds, the ALJ is also instructed to reconsider Dr.

ORDER - 18

Bailey's opinion and clarify the interpretation of Dr. Bailey's opinion regarding

Plaintiff's ability to interact with coworkers and supervisors.

### 2. Dr. Jackson

On November 13, 2015, Dr. Jackson, a treating provider, rendered an

opinion on Plaintiff's functioning. Tr. 593-94. Dr. Jackson diagnosed Plaintiff

with bipolar disorder. Tr. 593. She opined Plaintiff would miss two days per

month if she tried to work fulltime. Tr. 594. On an undated questionnaire, Dr.

Jackson rendered a second opinion on Plaintiff's functioning. Tr. 599-600. Dr.

Jackson diagnosed Plaintiff with bipolar disorder, hypersomnia, morbid obesity,

osteoarthritis of the lumbar spine, and diabetes. Tr. 599. She opined Plaintiff's

impairments would make a forty-hour work week difficult. Tr. 600. The ALJ

gave Dr. Jackson's opinions little weight. Tr. 914.

The ALJ rejected Dr. Jackson's opinion for two of the same reasons he

rejected Plaintiff's symptom claims, as he found the opinions were inconsistent

with Plaintiff's treatment records and improvement with treatment. *See id.* As the

case is being remanded for the ALJ to reconsider his assessment of Plaintiff's

symptom claims, the ALJ is also instructed to reconsider Dr. Jackson's opinions.

### 3. Ms. Kass

On June 8, 2016, Ms. Kass, a treating nurse practitioner, rendered an opinion

on Plaintiff's functioning. Tr. 595-97. Ms. Kass opined Plaintiff has mild

ORDER - 19

limitations in her ability to remember locations and work-like procedures,

understand/remember very short and simple instructions, carry out very short

simple instructions, maintain socially appropriate behavior and adhere to basic

standards of neatness and cleanliness, and in her activities of daily living; moderate

limitations in her ability to understand/remember detailed instructions, carry out

detailed instructions, work in coordination with or proximity to others without

being distracted by them, make simple work-related decisions, interact

appropriately with the general public, ask simple questions/request assistance,

accept instructions and respond appropriately to criticism from supervisors, get

along with coworkers or peers without distracting them or exhibiting behavioral

extremes, respond appropriately to changes in the work setting, be aware of normal

hazards and take appropriate precautions, and set realistic goals or make plans

independently of others; and marked limitations in her ability to maintain

attention/concentration for extended periods, perform activities within a schedule,

maintain regular attendance, and be punctual within customary tolerances, sustain

an ordinary routine without special supervision, travel in unfamiliar places or use

public transportation, and in her ability to maintain social functioning and maintain

concentration, persistence or pace. *Id.* She further opined Plaintiff would be off

task more than 30 percent of the time and would miss four or more days per month

1    if she worked full-time.  Tr. 597.  The ALJ gave Ms. Kass' opinion little weight.

2    Tr. 914.

3        The ALJ rejected Ms. Kass' opinion for two of the same reasons he rejected

4    Plaintiff's symptom claims, as he found the opinion was inconsistent with

5    Plaintiff's lack of treatment prior to the alleged onset date, and her improvement

6    with treatment.  *See id.*  As the case is being remanded for the ALJ to reconsider

7    his assessment of Plaintiff's symptom claims, the ALJ is also instructed to

8    reconsider Ms. Kass' opinion.  For the purposes of the remand, the Court notes that

9    the fact that a claimant fails to pursue treatment is not directly relevant to the

10   weight of a medical provider's opinion.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

11   **D. Step Five**

12       Plaintiff contends the ALJ erred at step five.  ECF No. 14 at 18-21.  "[I]f a

13   claimant establishes an inability to continue [his] past work, the burden shifts to

14   the Commissioner in step five to show that the claimant can perform other

15   substantial gainful work."  *Burch*, 400 F.3d at 679 (*citing Swenson v. Sullivan*, 876

16   F.2d 683, 687 (9th Cir. 1989)).  At step five, "the ALJ ... examines whether the

17   claimant has the [RFC] ... to perform any other substantial gainful activity in the

18   national economy."  *Id*.  "If the claimant is able to do other work, then the

19   Commissioner must establish that there are a significant number of jobs in the

20   national economy that claimant can do."  *Tackett*, 180 F.3d at 1099.  "There are

ORDER - 21

two ways for the Commissioner to meet the burden of showing that there is other

work in 'significant numbers' in the national economy that claimant can do: (1) by

the testimony of a [VE], or (2) by reference to the Medical-Vocational

Guidelines...." *Id*. "If the Commissioner meets this burden, the claimant is not

disabled and therefore not entitled to ... benefits." *Id*. (citation omitted). "If the

Commissioner cannot meet this burden, then the claimant is disabled and therefore

entitled to ... benefits." *Id*. (citation omitted).

As the case is being remanded for the reasons discussed *supra*, the ALJ is

also instructed to perform the five-step analysis anew, including taking new

vocational expert testimony as necessary and making a new vocational

determination.

**E. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 14 at 21.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

ORDER - 22

1   proper course, except in rare circumstances, is to remand to the agency for

2   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

3   775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

4   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

5   discretion for a district court not to remand for an award of benefits" when three

6   conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

7   credit-as-true rule, where (1) the record has been fully developed and further

8   administrative proceedings would serve no useful purpose; (2) the ALJ has failed

9   to provide legally sufficient reasons for rejecting evidence, whether claimant

10  testimony or medical opinion; and (3) if the improperly discredited evidence were

11  credited as true, the ALJ would be required to find the claimant disabled on

12  remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

13  F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

14  the Court will not remand for immediate payment of benefits if "the record as a

15  whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759

16  F.3d at 1021.

17       The Court finds remand for additional proceedings is necessary.  Plaintiff

18  argues there is conflicting vocational expert testimony in the record and the 2017

19  vocational expert testimony should be credited, ECF No. 14 at 20, however any

20  conflict and the vocational determination should be addressed at the administrative

ORDER - 23

level.  The vocational expert at the 2020 hearing testified that Plaintiff would be

able to work with the RFC set forth by the ALJ and that employers would tolerate

twelve absences per year, while the 2017 expert testified that missing six or more

days in a year would result in termination.  Tr. 47, 937-39.  Plaintiff does not cite

to any case law or regulation that supports the argument that the ALJ was required

to address the 2017 testimony, nor that the 2017 testimony should be credited over

the 2020 testimony.

    There are also conflicting medical opinions requiring resolution by the ALJ.

State agency consultant Dr. Bailey gave a non-disabling opinion, as discussed

*supra,* and treating provider Shane Anderson, Pharm.D., opined if Plaintiff

"continues feeling as stable as she is now then she may go back to work."  Tr. 852,

913-14.  The ALJ gave some weight to Dr. Anderson's opinion, Tr. 913-14, and

Plaintiff does not challenge the ALJ's analysis of the opinion.  Further, Dr.

Jackson's two opinions are inconsistent with one another; in the earlier opinion,

Dr. Jackson opined Plaintiff would miss two days of work per month, Tr. 594, but

in the later opinion, Dr. Jackson did not check a box indicating whether Plaintiff

would miss work and did not give an opinion as to the number of days she would

miss, Tr. 600.  While Dr. Jackson gave one disabling opinion, as did Ms. Kass, the

conflicting opinions of Dr. Bailey and Dr. Anderson, and the inconsistency

ORDER - 24

between Dr. Jackson's two opinions, requires resolution.  As such, the case is remanded for further proceedings consistent with this Order.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED December 29, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 25